UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,          ) | |
| )                                      | |
|     Plaintiff,    ) | |
| )                                      | Case No. CR09-268-JCC |
| v.                                    ) | |
| )                                      | |
| JOSUE SOLIS-FIGUEROA,                 ) | DETENTION ORDER |
| )                                      | |
|     Defendant.    ) | |

Offenses charged:

    COUNT 1:    CONSPIRACY TO DISTRIBUTE HEROIN, in violation of 21 U.S.C. §§ 841(a)91), 841(b)(1)(C), and 846

    COUNT 2:    DISTRIBUTION OF HEROIN, in violation of 21 U.S.C. §§ 841(a)91), 841(b)(1)(C), and 18 U.S.C. § 2

    COUNT 3:    DISTRIBUTION OF HEROIN, in violation of 21 U.S.C. §§ 841(a)91), 841(b)(1)(B), and 18 U.S.C. § 2

Date of Detention Hearing:    August 13, 2009

The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds the following:

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1)    Pursuant to 18 U.S.C. § 3142(e), there is a rebuttable presumption that defendant is a flight risk and a danger to the community based on the nature of the pending charges.

DETENTION ORDER    15.13
18 U.S.C. § 3142(i)    Rev. 1/91
PAGE 1

Application of the presumption is appropriate in this case.

(2) An immigration detainer has been placed on defendant by the United States Immigration and Customs Enforcement.

(3) Defendant has stipulated to detention, but reserves the right to contest his continued detention if there is a change in circumstances.

(4) There are no conditions or combination of conditions other than detention that will reasonably assure the appearance of defendant as required or ensure the safety of the community.

IT IS THEREFORE ORDERED:

(1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 13th day of August, 2009.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge